**FILED**

AUG 1 9 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　　　DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### Austin Division

| | |
|---|---|
| **WENO EXCHANGE, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SURESCRIPTS, LLC,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

Case No. **1:20MC0867RP**

## WENO EXHCHANGE, LLC'S MOTION TO QUASH OR MODIFY AND FOR PROTECTIVE ORDER

Weno Exchange, LLC ("WENO") files this Motion to Quash or Modify and for Protective Order, (the "Motion"). In support of its Motion, WENO states as follows:

### I.　　INTRODUCTION

1.　　　WENO is a Texas limited liability company with a principal place of business in Austin, Texas.

2.　　　WENO works with electronic health record systems, prescribers, and pharmacies to provide e-Prescribing and prescription benefit programs.

3.　　　On August 5, 2020, Allyson M. Maltas of Latham & Watkins LLP, counsel for Surescripts, LLC ("Surescripts"), served WENO with a third-party subpoena attached as **Exhibit A** (the "Subpoena") in the case of Federal Trade Commission v. Surescripts, LLC, Case No. 1:19-cv-01080 (the "FTC Case"), pending in the United States District Court for the District of Columbia, in which Surescripts is accused of antitrust violations as a result of allegedly engaging in anti-competitive conduct.

4.      The Subpoena requires the production of documents, information or objects or to permit inspection of premises in this District and Division by September 4, 2020, at 5:00 pm.

5.      The Subpoena is not reasonably limited at all as to time or scope, in several ways, including, but not limited to, the fact that it seeks "documents created, sent, received, reviewed, or relevant to the period from June 30, 2008 to the present." (**Exhibit A** at Instructions, ¶1).

6.      Moreover, the subpoena is overbroad, unduly burdensome, vague, and seeks irrelevant materials. (*See* Goodman Declaration attached as **Exhibit B**).

7.      The Subpoena also seeks an overwhelming amount of proprietary commercial business information related to WENO's cost, pricing, business plans, strategy and other information that is highly confidential and sensitive and would afford anyone with access to such information a competitive business advantage. (*See id.*)

8.      WENO's counsel conferred with Surescripts' counsel on Friday August 14, 2020, in an effort to resolve WENO's objections, address WENO's concerns regarding the sensitive confidential and proprietary information the Subpoena seeks, and, at a minimum, narrow the Subpoena such that it is not so burdensome to WENO. During the August 14 telephonic conference WENO's counsel learned that through discovery in the FTC case Surescripts has in fact received the materials and information WENO produced to the FTC in 2016. Rather than engaging in a meaningful conversation designed to resolve WENO's concerns, Surescripts' counsel advised that WENO should serve its objections to the Subpoena first, and then it may be possible to figure out how to narrow the Subpoena and address WENO's concerns. In WENO's view the suggested approach is backwards, but

nevertheless given that WENO is the recipient of the Subpoena it has no reasonable choice other than to file this Motion and Objections under the circumstances given the discussion with Surescripts' counsel.

## II.    ARGUMENTS AND AUTHORITIES

9.    The Subpoena should be quashed (or modified).  Fed.R.Civ.P. 45.

10.    Pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iv) and 45(d)(3)(B) the Subpoena is overbroad and unduly burdensome, and seeks irrelevant and confidential information.

11.    The Subpoena is not only overbroad and unduly burdensome, it also improperly seeks information that is confidential between WENO and third parties, and it requests sensitive confidential proprietary business information.

12.    In short, the Subpoena requests are overbroad, impose unnecessary burdens on WENO, and interfere with business relationships between WENO and third parties. FED. R. CIV. P. 45(d)(3)(B)(i) ("To protect a person . . . affected by a subpoena, the court . . . may . . . quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information . . . .").

13.    Rule 45 requires the Court to quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (iii) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  Fed.R.Civ.P. 45(d)(3)(A).  The Court may also quash or modify a subpoena that requires the disclosure of a trade secret or other confidential research, development, or commercial information.  Fed.R.Civ.P. 45(d)(3)(B).

14.    A facially overbroad subpoena – like the instant Subpoena – is unduly burdensome. *See Williams v. City of Dallas,* 178 F.R.D. 103, 109 (N.D.Tex.1998). The

Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice or burden to the other party. *See Truswal Systems Corp. v. Hydro–Air Eng'g, Inc.,* 813 F.2d 1207, 1201 (Fed.Cir.1987). One factor to be considered in assessing the burden of complying with a subpoena is whether the moving party is a non-party to the litigation. *See Williams,* 178 F.R.D. at 112 (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d 422, 424 (Fed.Cir.1993) (collecting cases)).

15.     Under Fed.R.Civ.P. 45, a court must quash or modify a subpoena that subjects the responding party to undue burden.  Fed.R.Civ.P. 45(d)(3)(A)(iv).

16.     A court may also quash or modify a subpoena that requires the disclosure of trade secret or other confidential research, development, or commercial information. Fed.R.Civ.P. 45(d)(3)(B).

17.     Moreover, subpoenas to a non-party such as WENO do not grant the requesting party any broader right to information than allowed by the Federal Rules of Civil Procedure for discovery between the parties.  "When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of Federal Rule of Civil Procedure 26(b)(1)." *Booth v. City of Dallas*, 312 F.R.D. 427, 430 (N.D. Tex. 2015).  Accordingly, a subpoena must be relevant to a party's claim or defense and be proportional to the needs of the case.  See Fed.R.Civ.P 26(1).

18.     Under Rule "45(d)(1), '[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena,' and [t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include

lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." *MetroPCS v. Thomas*, 327 F.R.D. 600, 606 (N.D. Tex. 2018); *see also* Fed.R.Civ.P. 45(d)(1).  Surescripts has not taken reasonable steps to avoid imposing undue burden on WENO.

### III.   OBJECTIONS

19.     WENO objects to and moves to quash (or modify) the Subpoena and for protection, on the following grounds:

### a.  Objection – Improper Instructions and Definitions

i.      The Subpoena contains definitions and instructions that improperly expand upon the definitions contained in the Federal Rules of Civil Procedure ("FRCP") and the Western District of Texas local rules (the "Local Rules") for the definitions of "Document."  *See* Exhibit A at Definitions, ¶ D.  While acknowledging that the term "Document" should have the same meaning as set forth in the FRCP and Local Rules in the first sentence in Definitions, ¶ D, the subsequent sentence expands upon the definition set forth in the applicable rules.  WENO objects to these overly-expansive definitions, and will only agree to be bound by the definitions contained in the FRCP and the Local Rules.  (Exhibit A at Instructions, ¶10).

ii.     WENO also objects to Surescripts' attempt at requiring a continuing discovery obligation on WENO which is a non-party (**Exhibit A** at Instructions, ¶13).

### b.  Objection – Overbroad

i.      WENO objects to the Subpoena because it is overbroad, unduly burdensome, and not reasonably limited as to time and scope.  The subpoena attempts to shift the burden to WENO to determine what requests might overlap with discovery already

in Surecripts' possession, and it also seeks confidential proprietary information.  Moreover,

the Subpoena generally seeks "documents created, sent, received, reviewed, or relevant to

the period from June 30, 2008 to the present."  (**Exhibit A** generally, *see* Instructions, ¶1).

#### c. Objection – Relevance

      i.     WENO objects to the Subpoena because it seeks information and/or

documents from third-party WENO not reasonably calculated to lead to the discovery of

admissible evidence and is not proportional to the needs of the case.  (**Exhibit A** generally,

*see* Instructions, ¶1).

#### d.  Specific Objections to Each Document Request

      1.     To the extent not produced in response to the FTC's CID, all agreements Weno

Exchange has entered into with PBMs, pharmacies, PTVs, EHRs, and prescribers that relate to the

provision of electronic services.

#### Objections:

      WENO objects to this Request because it is overbroad and unduly burdensome.  This

Request is not reasonably limited in time and encompasses all manner of materials regarding the

agreements WENO has with any and all pharmacy benefit manager(s) ("PBM"), pharmacies,

pharmacy technology vendor(s) ("PTV"), electronic health records ("EHR"), and prescribers that

relate to the provision of electronic prescription services.  Thus, by its terms this Request seeks

all agreements WENO has had with anyone since 2008.[1]  Moreover, to the extent this request seeks

agreements with EHRs, it is vague and illogical.  The Request is also vague and ambiguous insofar

as it requests all WENO agreements since 2008 in sweeping terms that include matters that are

irrelevant and unrelated to the issues before the Court in the FTC Case rendering the Request not

reasonably calculated to lead to the discovery of admissible evidence and not proportional to the

needs of the case, and among the irrelevant materials Surescripts – a direct competitor of WENO

– seeks are WENO agreements that are subject to mutual non-disclosure agreements between

WENO and its clients that if produced will reveal sensitive confidential proprietary business

information that could be used to gain an unfair competitive advantage.  Additionally, since

Surescripts has received the materials and information supplied to the FTC by WENO in 2016,

Surescripts should undertake a meaningful analysis of those materials and information in an effort

to narrow its Subpoena rather than impose that burden on WENO.

      2.      To the extent not produced in response to the FTC's CID, all documents – including

negotiation documents and internal communications – related to WENO Exchange's agreements

---

[1] Several Requests exclude information WENO produced in response to the Civil Investigative
Demand issued to WENO by the Federal Trade Commission ("FTC") on June 27, 2016.
Nevertheless, even these Requests are arguably narrowed in scope by the exclusion the Subpoena
nevertheless seeks an incredibly broad scope of information, some irrelevant, including vast
sensitive confidential and proprietary WENO information, for over a four (4) year period in some
Requests and for a twelve (12) year period in others.  Moreover, this exclusion language would
cause WENO additional unnecessary burden to compare the Subpoena to what it turned over to
the FTC pursuant to the June 2016 FTC Civil Investigative Demand, rather than that burden falling
on Surescripts, to whom this burden should rest given that it is a party to the FTC Case.  In fact,
through a telephonic conference with Surescripts' counsel WENO learned that Surescripts has in
fact received the materials and information supplied to the FTC by WENO in 2016.  Nevertheless,
it seems as though rather than analyze that information in a meaningful way that should result in a
narrowing of the Subpoena Surescripts attempts to impose the burden on WENO. Perhaps after
engaging in a review of information received in discovery through the FTC Case Surescripts would
be better positioned to issue a less burdensome subpoena to WENO more reasonably tailored to
obtain non-duplicative relevant information that it does not already have access to.

or potential agreements with EHRs or prescribers regarding the provision of electronic prescription services.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome. This Request is not reasonably limited in time and encompasses all manner of materials regarding the negotiation of WENO's agreements (and potential agreements), including WENO's own internal communications, with EHRs or prescribers regarding the provision of electronic prescription services. Thus, by its terms this Request seeks all agreements WENO has had with anyone since 2008. The Request is also vague and ambiguous insofar as it requests all negotiations and communications regarding agreements or potential agreements since 2008 in sweeping terms that include matters that are irrelevant and unrelated to the issues before the Court in the FTC Case rendering the Request not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, and among the irrelevant materials Surescripts – a direct competitor of WENO – seeks are WENO agreements that are subject to mutual non-disclosure agreements between WENO and its clients that if produced will reveal sensitive confidential proprietary business information that could be used to gain an unfair competitive advantage. Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

3.     To the extent not produced in response to the FTC's CID, all documents – including negotiation documents and internal communications – related to WENO Exchange's agreements

or potential agreements with pharmacies/PTVs regarding the provision of electronic prescription services.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome. This Request is not reasonably limited in time and encompasses all manner of materials regarding the negotiation of WENO's agreements (and potential agreements), including WENO's own internal communications, with pharmacies/PTVs regarding the provision of electronic prescription services. Thus, by its terms this Request seeks all agreements WENO has had with anyone since 2008. The Request is also vague and ambiguous insofar as it requests all negotiations and communications regarding agreements or potential agreements since 2008 in sweeping terms that include matters that are irrelevant and unrelated to the issues before the Court in the FTC Case rendering the Request not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, and among the irrelevant materials Surescripts – a direct competitor of WENO – seeks are WENO agreements that are subject to mutual non-disclosure agreements between WENO and its clients that if produced will reveal sensitive confidential proprietary business information that could be used to gain an unfair competitive advantage. Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

4.      To the extent not produced in response to the FTC's CID, all documents – including negotiation documents and internal communications – related to WENO Exchange's agreements or potential agreements with PBMs regarding the provision of electronic prescription services.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome. This Request is not reasonably limited in time and encompasses all manner of materials regarding the negotiation of WENO's agreements (and potential agreements), including WENO's own internal communications, with PBMs regarding the provision of electronic prescription services. Thus, by its terms this Request seeks all agreements WENO has had with anyone since 2008. The Request is also vague and ambiguous insofar as it requests all negotiations and communications regarding agreements or potential agreements since 2008 in sweeping terms that include matters that are irrelevant and unrelated to the issues before the Court in the FTC Case rendering the Request not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, and among the irrelevant materials Surescripts – a direct competitor of WENO – seeks are WENO agreements that are subject to mutual non-disclosure agreements between WENO and its clients that if produced will reveal sensitive confidential proprietary business information that could be used to gain an unfair competitive advantage. Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

5.     To the extent not produced in response to the FTC's CID, all documents that describe Your efforts to lobby state and federal governmental entities regarding electronic prescription services.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome. This Request is not reasonably limited in time. The Request is also vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the

needs of the case.  Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

6.     To the extent not produced in response to the FTC's CID, documents sufficient to show the instances when You included, or attempted to include, an exclusivity or loyalty provision related to either routing or eligibility in Your agreements with an EHR, PBM, PTV, or pharmacy.
**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome.  This Request is not reasonably limited in time.  The Request is also vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.  Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

7.     To the extent not produced in response to the FTC's CID, documents sufficient to show, on a monthly and annual basis, the volume of transactions, payments, and prices (be it on a per-transaction basis or otherwise) for Your electronic prescription services.
**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome.  This Request is not reasonably limited in time and encompasses all manner of materials regarding the most sensitive of internal confidential business information related to the innerworkings and cost

11

information related to WENO's business. The Request is also vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. WENO if required to produce the requested information will be forced to reveal sensitive confidential proprietary business information that could be used to gain an unfair competitive advantage. Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

8.     To the extent not produced in response to the FTC's CID, data sufficient to show the number of electronic prescription transactions transmitted across WENO Exchange's network separately by:

> a.     Product and product subcategories (e.g., new prescriptions separate from refill requests);
>
> b.     Pair of sender and recipient entities (e.g., new prescriptions between a specific HER and a specific PTV); and
>
> c.     Month and year.
>
> For each sender/recipient, identify the entity type (i.e., HER, PBM, etc.) and any identifying information associated with the entity, including address, affiliation, and any identifiers associated with the entity (e.g., a prescriber's National Prescriber Identifier). If data are not available at this level, provide the information at the most granular level available.

**Objections**:

WENO objects to this Request because it is overbroad and unduly burdensome. This Request is not reasonably limited in time and encompasses all manner of materials regarding electronic prescription transactions transmitted across WENO Exchange's network since 2008 in sweeping terms that include matters that are irrelevant and unrelated to the issues before the Court in the FTC Case rendering the Request not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, and among the irrelevant materials Surescripts – a direct competitor of WENO – seeks are WENO agreements that are subject to mutual non-disclosure agreements between WENO and its clients that if produced will reveal sensitive confidential proprietary business information that could be used to gain an unfair competitive advantage. The manner and format – to a "granular level" – in which the materials are requested is also improper in that it imposes additional unreasonable burden on WENO. Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

9.      To the extent not produced in response to the FTC's CID, documents sufficient to show WENO Exchange's monthly average unit operating cost and profit margin (be it on a per-transaction basis or otherwise) for electronic prescription services separately by product and product subcategories. Include the total cost/margin and any components, including but not limited to direct/indirect and fixed/variable costs. If data are not available at this level, provide the information at the most granular level available.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome. This Request is not reasonably limited in time and encompasses all manner of materials regarding the most sensitive of internal confidential business information related to the innerworkings and cost information related to WENO's business. The Request is also vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. WENO if required to produce the requested information will be forced to reveal sensitive confidential proprietary business information that could be used to gain an unfair competitive advantage. The manner and format – to a "granular level" – in which the materials are requested is also improper in that it imposes additional unreasonable burden on WENO. Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

10.     Documents sufficient to show comparisons or analyses of routing or eligibility relative to other electronic prescription services, including but not limited to claims adjudication and/or clinical messaging, and including but not limited to comparisons of costs or profit margins, ease of entry, quality, and strengths/weaknesses of competitors.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome. This Request is not reasonably limited in time and encompasses all manner of materials regarding the most sensitive of internal confidential business information related to the innerworkings and cost information related to WENO's business. The Request is also vague and ambiguous and not

reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. WENO if required to produce the requested information will be forced to reveal sensitive confidential proprietary business information that could be used to gain an unfair competitive advantage.

11. To the extent not produced in response to the FTC's CID, all documents relating to competition for the provision or sale of electronic prescription services, including, without limitation, market studies, forecasts, business planning documents, and surveys relating to the market share or competitive position of WENO Exchange or any of its competitors in the market for electronic prescription services.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome. This Request is not reasonably limited in time and encompasses all manner of materials regarding the most sensitive of internal confidential business information related to the innerworkings and cost information related to WENO's business. The Request is also vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. WENO if required to produce the requested information will be forced to reveal sensitive confidential proprietary business information that could be used to gain an unfair competitive advantage. Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

12. To the extent not produced in response to the FTC's CID, all documents relating to economies of scale, minimum visible scale, network effects, or other factors required to attain any

available cost savings or other efficiencies necessary to compete profitably in the development, sale, and provision of electronic prescription services.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome. This Request is not reasonably limited in time and encompasses all manner of materials regarding the most sensitive of internal confidential business information related to the innerworkings and cost information related to WENO's business. The Request is also vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. WENO if required to produce the requested information will be forced to reveal sensitive confidential proprietary business information that could be used to gain an unfair competitive advantage. Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

13.     To the extent not produced in response to the FTC's CID, all documents relating to efforts to differentiate or improve WENO Exchange's electronic prescription services relative to competitors, such as efforts to introduce new services or improve the quality of services.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome. This Request is not reasonably limited in time and encompasses all manner of materials regarding the most sensitive of internal confidential business information related to the innerworkings and cost information related to WENO's business. The Request is also vague and ambiguous and not

reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.  WENO if required to produce the requested information will be forced to reveal sensitive confidential proprietary business information that could be used to gain an unfair competitive advantage.  Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

14.     All documents – including negotiation documents and internal communications – related to potential agreements, or attempts to form an agreement with another electronic prescription company related to the provision of electronic prescription services.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome.  This Request is not reasonably limited in time and encompasses all manner of materials regarding the negotiation of WENO's agreements (and potential agreements), including WENO's own internal communications regarding the provision of electronic prescription services.  Thus, by its terms this Request seeks all agreements WENO has had with anyone since 2008.  The Request is also vague and ambiguous insofar as it requests all negotiations and communications regarding agreements or potential agreements since 2008 in sweeping terms that include matters that are irrelevant and unrelated to the issues before the Court in the FTC Case rendering the Request not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, and among the irrelevant materials Surescripts – a direct competitor of WENO – seeks are WENO agreements that are subject to mutual non-disclosure agreements between WENO and its clients that if produced will reveal sensitive confidential proprietary business information that

could be used to gain an unfair competitive advantage. Additionally, since Surescripts has received the materials and information supplied to the FTC by WENO in 2016, Surescripts should undertake a meaningful analysis of those materials and information in an effort to narrow its Subpoena rather than impose that burden on WENO.

15.     All documents related to WENO Exchange and its electronic prescription services' compliance with industry standards, including but not limited to state and federal regulatory standards for electronic prescribing.

**Objections:**

WENO objects to this Request because it is overbroad and unduly burdensome.

### IV. CONCLUSION

WHEREFORE, for the reasons stated above, WENO Exchange, LLC respectfully requests that this Court grant its Motion, and quash or modify the Subpoena, enter an appropriate protective order, award WENO costs and attorneys' fees incurred, and for any other relief this Honorable Court deems just and proper.

DATED:  August 18, 2020

Respectfully submitted,


By: _____/s/_____

Thomas M. Dunlap (Admitted W.D.
Tex./VA Bar No. 44016)
Ellis L. Bennett (Admitted  W.D.  Tex./VSB
No. 71685 )
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd., Suite 550
Vienna, Virginia 22182
(703) 442-3890 (t)
(703) 777-3656 (f)
tdunlap@dbllawyers.com
ebennett@dbllawyers.com
litigation@dbllawyers.com
ecf@dbllawyers.com

*Attorneys for WENO Exchange, LLC*

Erick Robinson
Texas Bar No. 24039142
Dunlap Bennett & Ludwig PLLC
7215 Bosque Blvd.
Waco, Texas 76710
(254) 870-7302 (t)
(713) 583-9737 (f)
erobinson@dbllawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2020, I submitted the foregoing document to the Clerk of Court. I have also served a copy upon counsel for Surescripts LLC via U.S. Mail, postage prepaid:

Allyson M. Maltas
Latham & Watkins LLP
555 Eleventh Street NW, Ste 1000
Washington, DC 20004
Allyson.maltas@lw.com

/s/

Ellis L. Bennett (Admitted W.D. Tex./VSB No. 71685 )
DUNLAP BENNETT & LUDWIG PLLC
8300 Boone Blvd., Suite 550
Vienna, Virginia 22182
(703) 442-3890 (t)
(703) 777-3656 (f)
ebennett@dbllawyers.com

*Attorney for WENO Exchange LLC*