# Exhibit A

**Allyson M. Maltas**
Direct Dial: 202.637.2314
allyson.maltas@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

August 5, 2020

Weno Exchange LLC
c/o Tina Goodman
22042 Briarcliff Dr.
Spicewood, TX 78669

| FIRM / AFFILIATE OFFICES | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

Re:     *Federal Trade Commission v. Surescripts,*
        *LLC,* Case No. 1:19-cv-01080

Dear Tina:

Our firm represents Surescripts, LLC in the above-referenced matter. While Weno Exchange LLC is not a party to this litigation, we anticipate that it has discovery relevant to this matter. Please find enclosed a subpoena for documents from Weno Exchange LLC.

We appreciate your cooperation. Please reach out if there are any questions.

Best regards,

/s/ Allyson M. Maltas

Allyson M. Maltas
of Latham & Watkins LLP
*Counsel for Surescripts, LLC*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Columbia

| | | |
|---|---|---|
| Federal Trade Commission | ) | |
| *Plaintiff* | ) | Civil Action No.   1:19-cv-01080 |
| v. | ) | |
| Surescripts, LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Weno Exchange LLC, c/o Tina Goodman, 22042 Briarcliff Dr.,
            Spicewood, TX  78669

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Austin Process, LLC, 809 Nueces, Austin, TX  78701 | Date and Time: 09/04/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/05/2020

*CLERK OF COURT*

OR

_____          /s/ Allyson M. Maltas
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Surescripts, LLC
_____, who issues or requests this subpoena, are:

Allyson M. Maltas, 555 Eleventh Street, NW, Suite 1000, Washington, D.C. 20004-1304, 202-637-2314

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:19-cv-01080

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

A.    The term "agreement" means any oral or written contract, arrangement, or understanding, whether formal or informal, between two or more persons, together with all modifications or amendments thereto.

B.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

C.    The term "direct connection" means an electronic connection solely between the Company and a third party for the transmission of information without using an intermediary vendor to transmit that information.

D.    The term "document" or "documents" has the same meaning and is equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  Without limiting the aforementioned definitions, the term "document" includes both hard copy Documents and electronically stored information ("ESI"), including email, instant messaging, shared network files, Databases, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage devices) stored as either an "active" or backup file, in its Native Format.

E.    The terms "documents sufficient to show" and "documents sufficient to identify" mean that you may submit selected documents providing the subpoenaed information, or a verified statement containing that information in lieu of documents.

F.     The terms "each," "any," and "all" mean "each and every."  The terms "and" and "or" have both conjunctive and disjunctive meanings as necessary to bring within the scope of this subpoena anything that might otherwise be outside its scope.

G.     The term "electronic prescription services" means everything involved in the electronic transmittal of prescription and benefits information from, to, between, or involving a pharmacy benefit manager, a prescriber/provider, EHR Vendor, and/or a pharmacy, including, without limitation, prescription data, prescription fill status, eligibility information, formulary status, medication history, clinical information, and prior authorization.

H.     The term "eligibility" means the transmission of a patient's formulary and benefit information from, to, between, or involving a payer to a prescriber's electronic health record ("EHR") system.

I.     The term "exclusive" or "exclusivity" means a contractual relationship in which a party agrees that all or nearly all of the relevant transactions at issue in the contract will be made using the counterparty's service.

J.     The term "FTC CID" means the Civil Investigative Demand that was issued to You by the Federal Trade Commission on June 27, 2016.

K.     The term "network" means a system that allows electronic connections—including "direct connections" as defined above—between and among pharmacies, PBMs, PTVs, VARs, and EHRs for the transmission of information.

L.     The term "PBM" means any pharmacy benefit manager.

M.     The term "person" means a natural person, group of natural persons acting as individuals, group of persons acting in a collective capacity (e.g., as a committee, board of directors, etc.), corporation, partnership, limited partnership, joint venture, limited liability

corporation, government or governmental agency, and/or any other incorporated or unincorporated business, government, or entity.

N.  The term "PTV" means pharmacy technology vendor.

O.  The terms and phrases "relate," "relating to," "referring to," and "regarding" mean in whole or in any part alluding to, concerning, relating to, connected with, involving, commenting.

P.  The term "routing" means the transmission of prescription and prescription-related information from, to, between, or involving a prescriber (via the prescriber's EHR) to a pharmacy.

Q.  The term "Surescripts" means Surescripts, LLC.

R.  The term "VAR" means value-added reseller.

S.  The terms "Weno Exchange," "You," "Your," or "Company" mean Weno Exchange LLC, together with its successors, predecessors, divisions, wholly or partially owned subsidiaries, domestic or foreign parents, affiliates, partnerships, and joint ventures; and all the directors, officers, employees, consultants, agents, and representatives of the foregoing.

## INSTRUCTIONS

1.  Unless otherwise indicated, these Document Requests seek documents created, sent, received, reviewed, or relevant to the period from June 30, 2008 to the present (the "Relevant Time Period").

2.  Each Request shall be responded to fully unless it is objected to in good faith. In the event of a good faith objection, the reasons for such objection shall be stated with specificity. If an objection pertains to only a portion of the Request, or to a word, phrase,

or clause, contained in the Request, an objection to that portion only should be stated; response to the remainder of the Request is required.

3.  This Document request (the "Request") requires You to produce responsive documents that are within Your possession, custody, or control, including without limitation documents in the possession of Your agents or affiliates.

4.  In responding to this Request, You are to produce the responsive documents demanded herein in the form in which they are or were maintained and used in the usual course of business, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E).

5.  The Request calls for the production of original documents or, if the original documents are no longer in Your possession, custody, or control, then the documents as You maintain or possess them.

6.  If You object to the Request, state specifically the grounds for each objection.  To the extent You object to the Request in part, state specifically which part of the Request You object to, the grounds for such objection, and produce all documents responsive to all other parts of the Request.

7.  Each Request shall be construed according to its own terms in accordance with these Definitions and Instructions.  Although there may be some overlap, no Request should be understood to limit any other.

8.  If any document covered by the Request is withheld, in whole or in part, by reason of a claim of attorney-client privilege, attorney work product protection, or any other claimed privilege, protection or immunity from disclosure, please furnish a privilege log.

9.  If a document covered by the Request contains both information that is not privileged or protected from production, as well as information that is claimed to be privileged or

protected from production, the non-privileged information must be disclosed to the fullest extent possible.

10. No document responsive to the Request may be redacted on the basis that certain information contained in the document is not responsive.

11. Electronic records and computerized information must be produced in an intelligible format.

12. Documents attached to each other shall not be separated.

13. These Requests are continuing in nature.  If, after making an initial response hereto (and up until the time of trial), You or Your attorneys, agents, or representatives, obtains or becomes aware of any further documents responsive to these Requests that were unavailable at the time of the initial response, You are requested to produce such documents in the form of supplementary productions.

## DOCUMENT REQUESTS

1. To the extent not produced in response to the FTC's CID, all agreements Weno Exchange has entered into with PBMs, pharmacies, PTVs, EHRs, and prescribers that relate to the provision of electronic prescription services.

2. To the extent not produced in response to the FTC's CID, all documents—including negotiation documents and internal communications—related to Weno Exchange's agreements or potential agreements with EHRs or prescribers regarding the provision of electronic prescription services.

3. To the extent not produced in response to the FTC's CID, all documents—including negotiation documents and internal communications—related to Weno Exchange's

agreements or potential agreements with pharmacies/PTVs regarding the provision of electronic prescription services.

4.  To the extent not produced in response to the FTC's CID, all documents—including negotiation documents and internal communications—related to Weno Exchange's agreements or potential agreements with PBMs regarding the provision of electronic prescription services.

5.  To the extent not produced in response to the FTC's CID, all documents that describe Your efforts to lobby state and federal governmental entities regarding electronic prescription services.

6.  To the extent not produced in response to the FTC's CID, documents sufficient to show the instances when You included, or attempted to include, an exclusivity or loyalty provision related to either routing or eligibility in Your agreements with an EHR, PBM, PTV, or pharmacy.

7.  To the extent not produced in response to the FTC's CID, documents sufficient to show, on a monthly and annual basis, the volume of transactions, payments, and prices (be it on a per-transaction basis or otherwise) for Your electronic prescription services.

8.  To the extent not produced in response to the FTC's CID, data sufficient to show the number of electronic prescription transactions transmitted across Weno Exchange's network separately by:

    a.  Product and product subcategories (e.g., new prescriptions separate from refill requests);

    b.  Pair of sender and recipient entities (e.g., new prescriptions between a specific EHR and a specific PTV); and

c.      Month and year.

For each sender/recipient, identify the entity type (i.e., EHR, PBM, etc.) and any identifying information associated with the entity, including address, affiliation, and any identifiers associated with the entity (e.g., a prescriber's National Prescriber Identifier). If data are not available at this level, provide the information at the most granular level available.

9.      To the extent not produced in response to the FTC's CID, documents sufficient to show Weno Exchange's monthly average unit operating cost and profit margin (be it on a per-transaction basis or otherwise) for electronic prescription services separately by product and product subcategories.  Include the total cost/margin and any components, including but not limited to direct/indirect and fixed/variable costs. If data are not available at this level, provide the information at the most granular level available.

10.     Documents sufficient to show comparisons or analyses of routing or eligibility relative to other electronic prescriptions services, including but not limited to claims adjudication and/or clinical messaging, and including but not limited to comparisons of costs or profit margins, ease of entry, quality, and strengths/weaknesses of competitors.

11.     To the extent not produced in response to the FTC's CID, all documents relating to competition for the provision or sale of electronic prescription services, including, without limitation, market studies, forecasts, business planning documents, and surveys relating to the market share or competitive position of Weno Exchange or any of its competitors in the market for electronic prescription services.

12.     To the extent not produced in response to the FTC's CID, all documents relating to economies of scale, minimum viable scale, network effects, or other factors required to

attain any available cost savings or other efficiencies necessary to compete profitably in the development, sale, and provision of electronic prescription services.

13.     To the extent not produced in response to the FTC's CID, all documents relating to efforts to differentiate or improve Weno Exchange's electronic prescription services relative to competitors, such as efforts to introduce new services or improve the quality of services.

14.     All documents—including negotiation documents and internal communications—related to potential agreements, or attempts to form an agreement with another electronic prescription company related to the provision of electronic prescription services.

15.     All documents related to Weno Exchange and its electronic prescription services' compliance with industry standards, including but not limited to state and federal regulatory standards for electronic prescribing.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

        **v.**

**SURESCRIPTS, LLC,**

    **Defendant.**

**Civil Action No. 19-1080 (JDB)**

---

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to the above-captioned case (the "Litigation"), through their respective counsel, agree that the terms and conditions of this Protective Order (the "Order") shall govern the production and handling of all documents, items, or other information exchanged by the parties and/or nonparties in the Litigation including, without limitation, responses to requests for production, interrogatories, requests for admissions, pleadings, motions, briefs, exhibits, expert reports (and exhibits thereto), and deposition or other testimony, regardless of the medium or manner in which any such materials are generated, stored, or maintained. This includes any material produced, filed, or served by any party or nonparty during discovery in this Litigation, documents produced by any party (or material containing or summarizing information from a document produced), as well as all transcripts of any investigational hearings, during the investigation by the Federal Trade Commission ("FTC") (the "Investigatory Material"), or any information included in any such material. The Court finds that good cause exists for entry of a protective order in this Litigation to prevent unauthorized disclosure and use of confidential information during and after the course of the Litigation.

Accordingly, it is hereby **ORDERED** as follows:

1. **Persons/Entities Covered**. This Order is binding upon all current and future parties to this Litigation, including their respective corporate parents, subsidiaries, affiliates, successors, or assigns and their respective counsel, agents, representatives, officers, and employees and any others set forth in this Order (the "Parties"). This Order shall also apply to any materials produced in discovery in this Litigation by nonparties, provided that such nonparties comply with all terms and conditions of this Order and sign Exhibit A agreeing to be bound by the terms of the Order; and further provided that this Order does not limit any nonparty's rights with respect to its own materials that it produces in discovery in this Litigation. When conducting discovery from nonparties, the Parties to this Litigation shall provide notice of the terms of this Order to such nonparties.

2. **Designation of Materials**. Any party or nonparty responding to discovery requests or providing materials in connection with this Litigation ("Producing Entity") may designate all, or any part, of a document, discovery response, deposition, or other material as Confidential Material or Highly Confidential Material (defined below) based on a good-faith belief that such materials qualify for that designation under the terms of this Order:

(a) "Confidential Material" shall mean any information, testimony, or tangible thing produced during discovery that reveals a trade secret; competitively sensitive research, analysis, technical, financial, development, or commercial information, which is maintained as confidential and has not been released into the public domain (unless through unauthorized disclosure); other information entitled to protection in accordance with Federal Rule of Civil Procedure 26(c); personal information that is protected from disclosure by statute, regulation, or is otherwise entitled to protection from public disclosure; and any other information for which a good-faith claim of need of protection

can be made under the Federal Rules of Civil Procedure and/or applicable law.

(b) "Highly Confidential Material" shall mean any Confidential Material that is currently highly sensitive, the disclosure of which would cause injury to current commercial or financial interests of the Producing Entity, including current trade secrets; current highly sensitive and nonpublic research or analysis; current customer information; current financial, marketing, or strategic business planning information which, if disclosed, could cause current competitive harm or reasonably threaten any party's current commercial interests; current or future margin, cost or pricing information; information relating to research, development, testing of, or plans for existing or proposed future products; information relating to the processes, apparatus, or analytical techniques used by a party or nonparty in its present or proposed commercial production of such products; information relating to pending or abandoned patent applications which have not been made available to the public or other intellectual property; personnel files; current contract terms and negotiation strategies; current projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; and communications regarding any Highly Confidential Material.

(c) Confidential and Highly Confidential Material, respectively, shall include: (i) all copies, extracts, and complete or partial summaries prepared from such Confidential or Highly Confidential Material; (ii) portions of deposition transcripts and exhibits thereto that contain or summarize the content of any such Confidential or Highly Confidential Material; (iii) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain or

summarize the content of any such Confidential or Highly Confidential Material;

(iv) written discovery responses and answers that contain or summarize the content

of any such Confidential or Highly Confidential material; and (v) deposition

testimony designated in accordance with paragraph 2(e) below.

(d) Any document produced by a Producing Entity in this Litigation may be

designated as Confidential Material by marking it "CONFIDENTIAL" on the face

of the document at the time of production.  Any document produced by a Producing

Entity in this Litigation may be designated as Highly Confidential Material by

marking it "HIGHLY CONFIDENTIAL" on the face of the document at the time

of production.  A Producing Entity may also designate electronic documents and

other nonpaper media as Confidential Material or Highly Confidential Material, as

appropriate, by (i) noting such designation in an accompanying cover letter; (ii)

affixing the confidentiality designation to the material or its container, including

the appropriate confidentiality designation in the load file provided with the

electronic production; (iii) including the appropriate confidentiality designation in

the name of the file(s) provided with the electronic production; or (iv) using any

other means that reasonably notifies the party in receipt of that material in this

Litigation (the "Receiving Entity") of the designation.

(e) Testimony provided in this Litigation may be designated as Confidential

Material or as Highly Confidential Material if the testimony concerns or relates to

the designating party's or nonparty's Confidential Material or Highly Confidential

Material.  The party or nonparty desiring to designate any portion of testimony as

Confidential Material or Highly Confidential Material shall do so by so stating

orally on the record on the day that the testimony is being given. Following any such oral designation, the Confidential and Highly Confidential portions of the deposition shall be taken only in the presence of persons entitled to access to such information under this Order, provided that In-House Counsel authorized to receive Confidential material pursuant to Paragraph 3(b) below, but not Highly Confidential material, shall only be excluded from the portion of the deposition that contains questions and answers that reveal the content of information designated Highly Confidential, absent consent by the Producing Entity. A Producing Entity may designate any or all portions of the transcript and/or video of any deposition (or of any other testimony) as containing Confidential Material or Highly Confidential Material in accordance with this Order by notifying all other parties in writing within sixty (60) days of the Producing Entity's receipt of the final transcript that the transcript contains Confidential Material or Highly Confidential Material and designating the specific pages and/or lines as containing Confidential Material or Highly Confidential Material. All transcripts and/or videos of testimony in this Litigation shall be treated as Highly Confidential Material and subject to this Order until sixty (60) days after a final transcript of the deposition (or other testimony) is received by the Producing Entity. Any portion of any deposition testimony that is not designated as Confidential Material or Highly Confidential Material in accordance with this paragraph, within sixty (60) days after a final transcript and/or video of the deposition (or other testimony) is received by the Producing Entity, shall not be entitled to the protections afforded under this Order.

(f) All Investigatory Material shall be treated as Highly Confidential Material under this Order, notwithstanding any designation or lack thereof on the documents as originally produced, unless either the original source of the document agrees that the document need not be treated as Highly Confidential Material under this Order, or the Court orders otherwise. Nothing in this Order shall constitute any waiver of any applicable privileges or protections from discovery that may apply to Investigatory Materials pursuant to the FTC's Rules of Practice or other legal obligation imposed upon the Commission. If a nonparty, which has produced documents to the FTC, has requested that its identity not be revealed, its identity shall be treated as Highly Confidential Material under this Order unless such nonparty agrees that the document need not be treated as Highly Confidential Material under this Order, or the Court orders otherwise; provided, however, that the FTC shall (i) provide outside counsel for the Parties to this Litigation, at the time the documents are produced, with a list of those nonparties who have requested confidential treatment for their identities and whose Investigatory Materials are disclosed in this Litigation and (ii) identify on that list the specific documents produced by each such nonparty.

(g) Notwithstanding any of the foregoing, information shall be deemed nonconfidential material under this Order if it is in the public domain, is already known to a party through proper means and on a nonconfidential basis, or is or becomes available to a party from a source rightfully in possession of such information on a nonconfidential basis.

3. **Individuals to Whom Confidential Material May Be Disclosed**. Unless otherwise ordered by the Court or permitted in writing by a Producing Entity, Confidential Material may be used only in connection with this Litigation, and disclosure of Confidential Material (or specific Confidential Material, as described below) may be made only to:

(a) The Court and court personnel, including assistants, clerks, law clerks, and other support staff (this category hereinafter referred to as the "Court").

(b) Outside attorneys for a party who are working on this Litigation and their employed or retained secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, jury consultants, interpreters, translators, document management services, graphics services, and similar professional services) (this category hereinafter referred to as "Outside Attorneys").

(c) Surescripts in-house counsel on the following conditions:

(i) access will be available only to Surescripts in-house attorneys with primary responsibility for day-to-day support, management, and oversight regarding this Litigation, and who are not involved in Surescripts's competitive decision-making; and

(ii) these individuals must execute the Agreement To Be Bound By Protective Order annexed hereto as Exhibit A.

(d) FTC personnel, including FTC Commissioners, as well as Commission attorneys, employees, and law clerks who are working on, supervising, or being briefed about this Litigation (this category hereinafter referred to as "FTC Personnel").

(e) Court reporters, court videographers, and similar transcription services and their support staff providing services in court or at depositions for the purpose of assisting the

Court in this Litigation (this category hereinafter referred to as "Court Reporters").

(f) Any expert or consultant (including all nonparty personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by or for the benefit of any of the Parties in this Litigation to assist counsel in this Litigation (this category hereinafter referred to as "Experts"), provided that the expert or consultant has executed the agreement annexed hereto as Exhibit A.

(g) Any mediators engaged by the Parties or appointed by the Court, and their support staff (this category hereinafter referred to as "Mediators").

(h) Any person whom Attorneys for a party have a good-faith basis to believe authored or previously received the material.

(i) The current or former directors, officers, employees, or outside counsel of the Producing Entity that produced the material, provided that any such former director, officer, employee, or outside counsel has executed the agreement annexed hereto as Exhibit A and (i) authored or received the material or (ii) there are other indicia that the individual has seen the document previously.

(j) Any person who has been designated as a Rule 30(b)(6) witness by the Producing Entity that produced the material.

(k) A witness that has or had possession of the material or access in the ordinary course of business to the material (including if a Receiving Entity wishes to show a witness material that partially meets this criteria (e.g., an e-mail between two entities that is later forwarded internally within one entity, and that intra-entity discussion contains Highly Confidential material), then the Receiving Entity may redact the entirety of the material

that the witness did not see previously).

(l) During the conduct of hearings or depositions, or in preparation specifically for a scheduled hearing or deposition, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the agreement annexed hereto as Exhibit A (this category hereinafter referred to as "Witnesses").

(m) The Receiving Entity's current officers and directors, who have primary responsibility for day-to-day support, management, and oversight regarding this Litigation and who have signed the agreement annexed hereto as Exhibit A.

(n) Any person other than those listed in this section for whom a party requests permission to disclose Confidential Material by providing counsel for the Producing Entity with advance written notice via electronic mail at least four (4) business days before any such disclosure.  Any request shall state the specific material to be disclosed and the identity of each person to whom the material will be disclosed.  The Producing Entity shall respond in writing via electronic mail within four (4) business days of its receipt of such written request.  A failure to respond within such time shall constitute consent to the request.  If the Producing Entity objects to the disclosure, the party seeking disclosure shall not make the disclosure unless pursuant to the procedures described in paragraph 7.

(o) Any other person to whom the Producing Entity consents in writing or by Order of the Court.

4. **Individuals to Whom Highly Confidential Material May Be Disclosed.**   Unless otherwise ordered by the Court or permitted in writing by the Producing Entity, Highly Confidential Material may be used only in connection with this Litigation, and disclosure of Highly Confidential Material may be made only to the following, as defined in paragraph 3 above:

(a) The Court;

(b) Outside Attorneys for the Parties to this Litigation;

(c) Two Surescripts in-house attorneys on the following conditions:

(i) access will be available only to Daniel Kim and one other individual to be named at a later date, Surescripts in-house attorneys with primary responsibility for day-to-day support, management, and oversight regarding this Litigation, and who are not involved in Surescripts's competitive decision-making; and

(ii) these individuals must execute the Agreement To Be Bound By Protective Order annexed hereto as Exhibit A.  A Surescripts in-house attorney performing similar roles to those identified in Paragraph 4(c)(i) may be substituted for one of the above identified in-house attorneys by consent of the Parties without need to amend this Order;

(d) FTC Personnel;

(e) Court Reporters;

(f) Experts;

(g) Mediators;

(h) Any person who has been designated as a Rule 30(b)(6) witness by the Producing Entity that produced the material;

(i) Witnesses in this Litigation; provided, however, that such disclosure shall only be made to a Witness:

(i) who is a current officer, director, or employee of the Producing Entity and who has or had an authorized right of access to the material in the ordinary course of that employment;

(ii) who is a former officer, director, or employee of the Producing Entity and who had an authorized right of access to the material in the ordinary course of that employment at the time the Highly Confidential Material was created or exchanged;

(iii) who is an author, addressee, or recipient of the material in question or if there are other indicia that the Witness has seen the document previously (including if a Receiving Entity wishes to show a Witness material that partially meets this criteria (e.g., an e-mail between two entities that is later forwarded internally within one entity and that intra-entity discussion contains Highly Confidential material), then the Receiving Entity may redact the entirety of the material that the Witness did not see previously); or

(iv) who is a custodian of records that has or had possession of the material or access in the ordinary course of business to the material;

(j) Any person who is an author, addressee, or recipient of the material in question, or where other indicia exist that the person has seen the document previously, and to whom disclosure is reasonably necessary for a party's development of its claims or defenses or for the preparation of witnesses in this Litigation, provided that the person is only shown that portion of the material that he or she authored or previously received;

(k) Any party may request permission to disclose materials designated as Highly Confidential or otherwise covered by this Order to a person other than those listed in this section by providing counsel for the Producing Entity with advance written notice via electronic mail at least four (4) business days before any disclosure. Any request shall state the specific material to be disclosed and the identity of each person to whom the material

will be disclosed.  Counsel for the Producing Entity shall respond in writing via electronic

mail within four (4) business days of its receipt of such written request.  A failure to respond

within such time shall constitute consent to the request.  If the Producing Entity objects to

the disclosure, the party seeking disclosure shall not make the disclosure unless pursuant

to the procedures described in paragraph 7;

 (l) Any other person to whom the Producing Entity consents in writing or by Order

of the Court.

 5. **Handling of Confidential Material and Highly Confidential Material**. All material

designated Confidential or Highly Confidential shall remain in the possession of the Attorneys

who receive such material through discovery in this Litigation, and they shall not release or

disclose the nature, substance, or contents thereof, except that copies of such materials may be

made for the use of those assisting the Attorneys to whom disclosure may be made under

paragraphs 3 and 4 above, including Experts, and copies of such materials may be submitted to the

Court under seal as necessary.  Persons who have been shown Confidential Material or Highly

Confidential Material pursuant to this Order and have not otherwise obtained or maintained the

material in the normal course of business shall not retain copies of that material.

 6. **Inadvertent Failure to Designate as to Confidentiality**. Except to the extent provided

in paragraph 2(e), in the event that a Producing Entity fails to designate confidential material as

Confidential or Highly Confidential, the Receiving Entity shall, upon a written request from the

Producing Entity, treat and preserve such information, document, paper, or other thing in

accordance with the confidentiality designation that the Producing Entity states should have been

affixed to it.  The Producing Entity shall reproduce the information, document, paper, or other

thing with the appropriate confidentiality designation unless doing so would not be feasible (as,

for example, in the case of a final deposition transcript). Each Receiving Entity shall replace the incorrectly designated materials with the newly designated materials, destroy the incorrectly designated materials, and treat the materials in accord with their new designation. Except as provided in paragraph 2(e), the inadvertent failure of a party or nonparty to designate material as Confidential or Highly Confidential at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the material or as to any other information relating thereto or on the same or related subject matter. No party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. If material inadvertently not designated as Confidential or Highly Confidential was filed with a court on the public record or otherwise disclosed before the time of the material's later designation, then the Producing Entity shall be responsible for seeking appropriate relief, including return of the material.

7. **Challenging a Confidentiality Designation**.

(a) A Receiving Entity shall not be obligated to challenge the propriety of a Confidential or Highly Confidential designation at the time the designation is made. A Receiving Entity may challenge a confidentiality designation at any time, and a Receiving Entity's failure to have made such a challenge at any previous time, including after acceptance or receipt of material with a confidentiality designation, shall not be deemed a waiver of the Receiving Entity's right to challenge any confidentiality designation.

(b) A Receiving Entity seeking to challenge a Confidential or Highly Confidential designation shall give notice in writing of such challenge to counsel for the Producing Entity, specifying Bates numbers or otherwise identifying the materials at issue with

particularity and setting forth the basis for the Receiving Entity's challenge.

(c) Within five (5) business days of receipt of written notice that the Receiving Entity objects to the confidentiality designation, counsel for the Producing Entity shall meet and confer with counsel for the Receiving Entity to attempt to resolve the challenge.

(d) If the Receiving Entity and Producing Entity are unable to resolve the challenge, then the Receiving Entity may move the Court for an order removing the challenged material from the restrictions of this Order within thirty (30) days of service of the written notice referenced in ¶ 7(b) above.  Any papers filed in support of or in opposition to this motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material at issue.

(e) Until the Parties or the Court resolve a challenge to the designation of Confidential Material or Highly Confidential Material, the asserted designation shall remain in effect.

8. **Filing Confidential Material and Highly Confidential Material**. Except as provided for below, no Confidential or Highly Confidential materials, including, but not limited to, any documents, pleadings, motions, transcripts, or other filings that disclose the contents or substance thereof, shall be filed in the public record of the Litigation unless otherwise ordered by the Court. The Parties will meet and confer regarding a process for documents filed pursuant to Federal Rule of Civil Procedure 56 containing Confidential or Highly Confidential material.

9. **Use of Confidential Material and Highly Confidential Material**.

(a) All documents produced in discovery, and all materials designated Confidential and Highly Confidential, shall be used solely in furtherance of the prosecution, defense, or attempted settlement of this Litigation, shall not be used at any time for any other purpose

whatsoever, including, without limitation, any commercial or business purpose, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order. All materials designated Confidential or Highly Confidential must be stored and maintained by the Receiving Entity in a manner no less secure than a Receiving Entity would store and maintain its own confidential material or that of its clients.

(b) This Order shall not restrict any attorney who is a qualified recipient under the terms of this Order from rendering advice to his or her client that is a party with respect to this Litigation, and in the course thereof, from generally relying upon his or her examination of Confidential or Highly Confidential Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Confidential or Highly Confidential Material of another party or nonparty where such disclosure would not otherwise be permitted under the terms of this Order.

(c) If any Confidential or Highly Confidential Material is filed in the public record by the Producing Entity, such public filing shall constitute the Producing Entity's waiver of the designation of the publicly filed material for its use by any party in this Litigation; provided, however, that inadvertent disclosure of Confidential or Highly Confidential Material through a public filing shall not constitute a waiver if the inadvertent disclosure is corrected within sixty (60) days by withdrawing the public filing containing Confidential or Highly Confidential Material and the filing is replaced with a filing under seal pursuant to Paragraph 6. Such public filing will not constitute a waiver of any confidentiality designations made with respect to any nonpublicly filed portions of the publicly filed document or concerning any other material not actually publicly filed.

(d) Nothing in this Order shall be construed to prejudice any party's right to use Confidential or Highly Confidential Material in any hearing or other pretrial proceeding before the Court, or any party's right to challenge any such use.

(e) Further procedures for the handling of Confidential and Highly Confidential Material at trial shall be addressed in a final pretrial order.  The Parties shall meet and confer to negotiate a proposal for addressing the treatment of material previously designated Confidential or Highly Confidential prior to the entry of a final pretrial order.

(f) Nothing in this Order shall prevent the FTC from disclosing and using Confidential and Highly Confidential Material, subject to taking appropriate steps to preserve confidentiality, to the extent necessary to comply with Sections 6(f) and 21 of the FTC Act, 15 U.S.C. §§ 46(f) and 57b-2, or any other legal obligation imposed upon the FTC.

10. **Other Proceedings**. Any person or party subject to this Order who receives a subpoena or other request for production of information covered by this Order shall promptly notify the Producing Entity so that the Producing Entity may have an opportunity to appear and be heard on whether that information should be disclosed.  Confidential and Highly Confidential Material shall not be produced in any other proceeding, or for any use other than in this Litigation, without an order compelling production from a court of competent jurisdiction or the agreement of the Producing Entity.

11. **Unauthorized Disclosure of Confidential or Highly Confidential Information**.

(a) If any person subject to this Order becomes aware that he or she or any other person has, either intentionally or inadvertently, disclosed Confidential or Highly Confidential Material to someone not authorized to receive such material under this Order,

16

counsel for the party involved shall (i) as soon as is practicable notify in writing outside counsel for the Producing Entity of the unauthorized disclosure; (ii) use best efforts to obtain the return or destruction of all copies of the protected materials; and (iii) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of the terms of this Order.

(b) The Court has jurisdiction to enforce this Order and to grant relief, as authorized by law or in equity, for any violations thereof.

12. **Inadvertent Production or Disclosure of Privileged Documents**. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity is produced inadvertently, the Parties shall comply with Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B).  For the following sentence within Federal Rule of Civil Procedure 26(b)(5)(B), the Parties agree to define the term "promptly" to mean ten (10) business days: "After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has . . . ."

13. **Nonparties**.

(a) If information sought in a discovery request implicates a Producing Entity's legal or contractual obligation to a nonparty to maintain that information's confidentiality, the following procedures shall be followed:

(i) The Producing Entity shall timely serve a written objection to the production of such information on the basis of its obligation to a nonparty not to disclose the information.

(ii) The Producing Entity shall undertake best efforts to contact the nonparty and provide the nonparty written notice of the pending request and a copy of this

Order no later than the date on which written objections are served under section 13(a)(i).

(iii) If the nonparty does not object to the disclosure within fourteen (14) calendar days from which the written notice of the pending request was sent by the Producing Entity or such additional time as may be required by the Producing Entity's legal or contractual obligation to the nonparty, the Producing Entity shall thereafter produce the materials subject to any appropriate designations under the terms of this Order or serve revised objections stating the bases upon which the Producing Entity continues to object to production of the material.

(iv) If the nonparty objects to the disclosure, the nonparty shall within fourteen (14) calendar days seek a protective order or other appropriate relief from the Court.  Should the nonparty timely seek relief, no disclosure shall be made or required unless disclosure is ordered by the Court.

(v) Nothing in this Order shall be deemed to prohibit, hinder, or otherwise affect any party's or nonparty's ability to raise any objections on any basis to requests for discovery.

(vi) Nothing in this Order shall be deemed to require any Producing Entity to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court in connection with obligations imposed by a discovery request.

(vii) Notwithstanding the foregoing, if a Producing Entity determines that it is unable to comply with the procedures set forth in section 13(a), it will notify the party seeking the discovery at issue, and meet and confer to determine an

alternative procedure.

(b) If any discovery requests are served on a nonparty, the party serving the discovery request shall provide the nonparty with notice of the terms of this Order. Documents produced by nonparties in this Litigation that consist of or contain portions of documents originally created or generated by a party shall be treated as Highly Confidential until the expiration of sixty (60) days after the date the document is produced. During that period, if any party believes a nonparty Producing Entity has produced information which the party believes should be designated as Confidential or Highly Confidential, that party may notify the nonparty Producing Entity and other Parties of the designation that it believes should apply. The party providing such notification will then be deemed a Producing Entity with respect to such documents and such documents shall be treated as Confidential Material or Highly Confidential Material, as designated by the party. A party's inadvertent failure to designate material produced by a nonparty as Confidential or Highly Confidential shall not be deemed waiver of the protections provided by this Order if the party follows the procedures outlined in paragraph 6.

14. **Stipulation Regarding Expert Discovery**. Expert disclosures will comply with Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4), except that testifying experts are required only to identify documents and other written materials relied upon by the expert in formulating an opinion in this case. Materials considered by the testifying expert that are not relied upon by the expert in formulating opinions in this case need not be disclosed. Moreover, as provided below, neither side is required to preserve or disclose the following, except as required by Federal Rule of Civil Procedure 26(b)(4)(C):

(a) Any form of communication or work product shared between any of the Parties'

counsel and experts, or between any of the experts themselves;

(b) Any form of communication or work product between an expert and a person or persons assisting that expert;

(c) Experts' notes, unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case that is disclosed pursuant to Federal Rules of Civil Procedure 26(a)(2) or 26(b)(4);

(d) Drafts of expert reports, analyses, or other work product; or

(e) Data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final expert report.

15. **Further Application**. Nothing in this Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during the Litigation. The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of the Litigation and for such time thereafter as is needed to enforce the terms of this Order.

16. **Reservation of Rights**.

(a) By designating any material Confidential or Highly Confidential, the Parties do not acknowledge that any such material is relevant or admissible in this Litigation. All Parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this Litigation.

(b) Nothing in this Order shall prohibit a party from using or disclosing publicly available or independently discovered information, unless the party is aware that the information has become public improperly or inadvertently.

(c) Nothing in this Order prevents any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

17. **Modification**. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time.  Furthermore, nothing in this Order shall prejudice the right of the Parties to stipulate (subject to Court approval) an amendment, modification, or supplement to this Order.  Nothing in this Order shall preclude any party from seeking an order of the Court amending, modifying, or supplementing this Order.

18. **Conclusion of this Litigation**.

(a) The provisions of this Order will not terminate at the conclusion of this Litigation.  This Order shall remain in full force and effect unless modified, superseded, or terminated by written agreement of the Parties or by an order of this Court.

(b) Within sixty (60) days after such time as this Litigation is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing Confidential or Highly Confidential Material may request the return of all materials and copies thereof containing Confidential or Highly Confidential Material (including but not limited to copies in the possession or control of any Expert or employee), and all reasonable costs of such return shall be borne by the requesting party.  Alternatively, the Producing Entity may allow all other counsel to certify in writing to the Producing Entity that all such information has been destroyed.  As to those materials that contain or reflect attorney work product, counsel of record for the Parties shall be entitled to retain such work product in their files, so long as such materials, in accordance with the provisions of this Protective Order, are clearly marked to reflect that they contain information subject to this Order, and are maintained as such.

(c) Notwithstanding any other provision of this Order, Attorneys shall be entitled to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail), any other papers filed with the Court (including exhibits), deposition transcripts (including exhibits), and the trial record (including exhibits) even if such materials contain Confidential or Highly Confidential Material, so long as this Order will continue to govern any such retained materials.   The Receiving Entity's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the e-mail archive system or archived electronic files of departed employees; (iii) are subject to litigation hold obligations; or (iv) are otherwise required by law to be retained.   Backup storage media need not be restored for the purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

(d) Nothing in this Order shall preclude the FTC from complying with the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12.

19. **Termination of Access**.

(a) In the event any person or party permanently ceases to be engaged in the conduct of this Litigation, such person's or party's access to Confidential and Highly Confidential material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of paragraph 18 above, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this Litigation.

(b) The provisions of this Order shall remain in full force and effect as to any person

or party who previously had access to Confidential and Highly Confidential Material,

except as may be specifically ordered by the Court or consented to by the Producing Entity

**DEFENDANT**

By:

Alfred C. Pfeiffer, Jr. (Pro hac vice)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: 415-391-0600

**FEDERAL TRADE COMMISSION**

By:

David B. Schwartz
Federal Trade Commission
400 Seventh Street SW
Washington, DC 20024
Tel: 202-326-3748

**SO ORDERED.**

_____/s/_____
JOHN D. BATES
United States District Judge

Dated: <u>March 9, 2020</u>

23

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, am employed by _____

_____. I acknowledge and certify as follows:

1. I have read the Protective Order in <u>Federal Trade Commission v. Surescripts, LLC</u>, Civil

Action No. 19-cv-1080 (JDB), United States District Court for the District of Columbia, and agree

to be bound by its terms.

2. I will not make copies or notes of Confidential or Highly Confidential Material that I

receive in this Litigation except as necessary to enable me to render assistance in connection with

this Litigation.

3. I will not disclose Confidential or Highly Confidential Material that I receive in this

Litigation to any person not expressly entitled to receive it under the terms of the Protective Order,

and will retain any such material in a safe place.

4. I will not use Confidential or Highly Confidential Material that I receive in this Litigation

for any purpose other than that authorized by the Protective Order.

5. I will retain all Confidential or Highly Confidential Material that I receive in this

Litigation in my custody until I have completed my assigned duties, whereupon the materials will

be returned to the party that provided them to me or destroyed, as provided by the Protective Order.

Such delivery or destruction shall not relieve me from any of the continuing obligations imposed

upon me by the Protective Order.

6. I agree to be subject to the continuing jurisdiction of this Court for the sole purpose of

having the terms of the Protective Order enforced.

Date: _____          Signature: _____
                                      Address: _____
                                               _____

1