# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

Austin Division

| | |
|---|---|
| WENO EXCHANGE LLC;<br><br>    Plaintiff,<br><br>v.<br><br>SURESCRIPTS, LLC;<br><br>    Defendant. | CASE. NO. 1:20MC0867RP |

## DECLARATION OF TINA GOODMAN IN SUPPORT OF MOTION TO QUASH

I, Tina Goodman, hereby state the following under penalty of perjury under the laws of the United States of America. I give this Declaration based upon my direct, personal knowledge as stated herein. If called to give testimony in the above-referenced matter, I could and would testify as follows:

1. I am over the age of eighteen (18) and competent to testify to the facts and matters set forth in this Declaration.

2. I have served in the healthcare industry since 1982. I specialized in post-acute healthcare administration and as a licensed nursing home administrator. My educational background consists of college courses with the equivalent of an associate degree in long-term care.

3. In 2006, I formed WENO Healthcare, Inc., a healthcare communications business. In 2011, shareholders of WENO Healthcare, Inc. formed WENO Exchange, LLC to meet the industry's needs for electronic prescribing. In 2014, the two companies merged as one entity, WENO Exchange, LLC.

1

4. I am the Chief Executive Officer for WENO Exchange, LLC. I also serve as a Board Member and tax matter partner. In addition to my role as CEO and Board Member, the business consists of four employees, five contracted agents and six board members. WENO also has one part-time employee to handle operational tasks such as routine accounts payable, accounts receivable, payroll, taxes and daily bookkeeping.

5. Outside of WENO's single part-time employee referenced above, WENO has no other paid administrative staff and I manage all administrative work not previously mentioned. I do not receive salary or compensation for my work as CEO. Members of the Board receive company shares as compensation.

6. WENO Exchange LLC does not have an in-house counsel and has retains outside counsel, paid on an hourly basis, for any legal issues that arise.

7. On August 5, 2020, I (on behalf of WENO Exchange, LLC) received a Subpoena to Produce Documents, Information, or Objects from Surescripts, LLC in reference to Civil Action 1:19-cv-1080 in the United States District Court for the District of Columbia. Surescripts, LLC is the defendant in Civil Action 1:19-cv-1080.

8. Surescripts, LLC is an electronic prescribing company and direct competitor of WENO Exchange LLC. In reading the Complaint filed by the Federal Trade Commission in Civil Action 1:19-cv-1080 against Surescripts, LLC, it is my understanding the FTC alleges Surescripts monopolized the electronic prescribing industry, intimidated businesses and customers, and engaged in other anticompetitive behavior.

9. WENO Exchange first became familiar with Defendant Surescripts, LLC in 2007. Since then, WENO Exchange and our clients/potential clients have repeatedly been the victims of Surescripts' anticompetitive behavior, the very behavior alleged in the Federal Trade

Commission's Complaint in the underlying current litigation.

10. On or about May 3, 2016, I received a call from attorneys for the FTC. Those attorneys notified me of their investigation of and plan to file a lawsuit against Surescripts. WENO Exchange received a subpoena from the Federal Trade Commission in connection with their investigation of Surescripts' wrongdoing. WENO produced all requested material to the FTC in response to the subpoena by producing all WENO's electronically stored information so that the FTC could conduct a thorough electronic search and determine what documents might be responsive. Because WENO is in full compliance with the FTC, supports its work, and does not engage in any uncompetitive or illegal behavior, it felt comfortable with having the FTC (because it is a governmental entity and not a competing business) conduct a search. That production still took several weeks.

11. It is WENO's understanding that Surescripts has requested and received the entirety of the materials WENO produced to the Federal Trade Commission.

12. Notwithstanding the voluminous materials produced to the FTC (and now to them), Surescripts has issued an extremely broad subpoena to WENO, placing the burden on WENO of determining what requests might overlap with requests by the FTC and thus what materials have already been produced. While Surescripts states that WENO need not produce documents it determines have been produced to the FTC, Surescripts has demanded that WENO produce a virtually boundless assortment of documents dating from 2008 to the present (simply because that is the time period in which the FTC alleges they have been a bad actor).

13. Not only is the subpoena overbroad in asking for such a wide-ranging group of documents over a twelve-year period, the subpoena is unduly burdnsome. WENO would need legal counsel to determine what requests overlapped with the FTC requests, review the originl

FTC production to ensure no materials were missed that are relevant to the Surescripts subpoena, and then actually either hire dedicated staff for the project of going through the past twelve (12) years of business records or task operational staff with a task for which they have no training or experience. I believe in order to comply with the subpoena fully, WENO would have to retain outside counsel for virtually the entire task and incur significant expense.

14. In addition to the overbreadth of the subpoena and the immense burden placed on WENO by the subpoena, the requests demand that WENO produce to a direct competitor, one already accused of engaging in an intimidation campaign with clients and customers and entities who chose to not to use Surescripts' services, all data and documents related to WENO's contracts with WENO's clients, all information about WENO's business operations (including pricing and margin), and virtually all other business documents needed to place WENO at a competitive disadvantage and harm what little business Surescripts has not already monopolized.

15. As examples of the types of sensitive, confidential, or proprietary information Surescript demanded (outside of the production already made to the FTC): all WENO client contracts (Req. 1); all negotiation documents and internal communications related to virtually any contracts or potential contracts (Req. 2, 3, 4); documents showing the volume of transactions, payments, and prices (Req. 7); data showing numbers of transactions across WENO's proprietary network and provide additional requested detail (Req. 8); documents to show WENO's profit margin and cost broken down by product and product categories (Req. 9); all information related to WENO's internal review of competitors' strengths and weaknesses (Req. 10); all documents related to WENO's competitive positioning, including without any limitation forecasts, business plans, and surveys (Req. 11); all documents related to WENO's to scaling, including economies of scale, minimum viable scale, or 'other' factors necessary to compete profitably in the

4

development, sale, and provision of services (Req. 12); all documents related to WENO's efforts to maintain a competitive advantage (Req. 13); all documents related to WENO's efforts to comply with industry standards (Req. 15).

16. WENO is a small business, has never been accused of engaging in any anticompetitive behavior and doesn't engage in lobbying activities or have any loyalty program. (Requests 5 and 6).

17. Complying with the subpoena will place not only an undue burden on WENO both in terms of cost and impact on operations, but will force them to turn over confidential, sensitive, and proprietary business records to a direct competitor already accused of anticompetitive behavior - placing WENO at a competitive disadvantage and harming its business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER THE DECLARANT SAYETH NOT.

Given under my hand this 18th day of August, 2020, in Spicewood, Texas.

EXECUTED:

_____
Tina Goodman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2020, I submitted the foregoing document to the Clerk of Court. I have also served a copy upon counsel for Surescripts LLC via U.S. Mail, postage prepaid:

Allyson M. Maltas
Latham & Watkins LLP
555 Eleventh Street NW, Ste 1000
Washington, DC 20004
Allyson.maltas@lw.com

/s/
Ellis L. Bennett (Admitted W.D. Tex./VSB No. 71685 )
DUNLAP BENNETT & LUDWIG PLLC
8300 Boone Blvd., Suite 550
Vienna, Virginia 22182
(703) 442-3890 (t)
(703) 777-3656 (f)
ebennett@dbllawyers.com

*Attorney for WENO Exchange LLC*