**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | § | |
| | § | |
| **V.** | § | **A-20-MC-867-RP** |
| | § | |
| **SURESCRIPTS, LLC** | § | |

## <u>ORDER</u>

Before the Court are: Petitioner WENO Exchange, LLC's Motion to Quash or Modify or for Protective Order (Dkt. No. 1); and Surescripts, LLC's Response (Dkt. No. 3). The Motion was referred to the undersigned for disposition.

### I. Background

WENO Exchange is a Texas limited liability company with its principal place of business in Austin. WENO works with electronic health record systems, prescribers, and pharmacies to provide e-Prescribing and prescription benefit programs. Surescripts, LLC, is a health information technology company that provides electronic prescription services. On April 17, 2019, the Federal Trade Commission filed a complaint against Surescripts in the United Stated District Court for the District of Columbia, alleging that Surescripts violated Section 2 of the Sherman Act by using loyalty provisions in its customer agreements to monopolize the "routing" and "eligibility" electronic prescribing markets.  Dkt. No. 3-1; *FTC v. Surescripts, LLC*, Case No. 19-CV-1080.  On August 5, 2020, Surescripts served WENO with a third-party subpoena in that case, directing WENO to produce documents here in the Austin Division of the Western District of Texas.

WENO moves to quash the subpoena asserting that: (1) it is not reasonably limited as to time or scope as it requests discovery of "documents created, sent, received, reviewed, or relevant to the period from June 30, 2008 to the present;" (2) it is overbroad, unduly burdensome, vague, and seeks

irrelevant materials; and (3) it seeks an overwhelming amount of proprietary commercial business information related to WENO's business, which is particularly problematic in that WENO is a competitor of Surescripts. WENO states that it conferred with Surescripts' counsel on August 14, 2020, in an effort to narrow the requested discovery. At this conference, WENO learned that in discovery in the underlying case Surescripts has already received a great deal of the subpoenaed materials, as WENO had produced a large number of the documents to the FTC in 2016, and those documents have been provided to Surescripts. WENO states that instead of responding to this point, Surescripts' counsel advised that WENO should serve its objections to the subpoena first, and the parties could then narrow the subpoena requests and address WENO's concerns. WENO thus filed the motion now before the Court.

Surescripts responds that during the FTC's pre-complaint investigation into Surescripts' business, WENO cooperated with the FTC, claiming it was harmed by Surescripts' anticompetitive behavior. As part of the investigation, WENO produced more than 32,000 documents to the FTC, which Surescripts has received in discovery. Surescripts contends that after reviewing these documents, it needs additional information from WENO, including documents created, received or sent after WENO's production to the FTC in 2016. Surescripts argues its subpoena only includes 15 tailored requests for documents, and notes that it told WENO it was not seeking information that WENO already produced to the FTC. With regard to WENO's concerns regarding the proprietary nature of requested materials, Surescripts argues the Protective Order in the antitrust litigation will prevent any misuse of the material. It also maintains that while its counsel did suggest that WENO first serve objections, which the parties could then work through, it never heard back on that front, and thus the parties have not had a meaningful conference.

## II. Analysis

Disputes regarding out-of-district subpoenas are governed by Rule 45. *Paws Up Ranch, LLC*

*v. Green*, 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013). Rule 45 requires the Court to quash or

modify a subpoena that: (i) fails to allow a reasonable time to comply; (iii) requires the disclosure

of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person

to undue burden. FED. R. CIV. P. 45(d)(3)(A). The Court may also quash or modify a subpoena that

requires the disclosure of a trade secret or other confidential research, development, or commercial

information. FED. R. CIV. P. 45(d)(3)(B). A party is entitled to "discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case. . . ." FED. R. CIV. P. 26(b)(1).

As noted, WENO objects to the subpoena because it requests documents dating back to 2008,

and is thus overbroad; it requests material that is not relevant to the antitrust dispute; it would be

unduly burdensome for a small company with no in house counsel to comb through thousands of

documents to identify what has already produced to the FTC; and the requested information includes

proprietary trade secrets. Surescripts argues that WENO's motion should be denied because it failed

to properly confer prior to filing its Motion to Quash as is required by Local Rule CV-7(i). It points

out that it agrees that WENO should not be required to produce documents it has already produced

to the FTC. It further contends that the documents it seeks are relevant to the antitrust litigation

because to test and disprove the FTC's allegations, Surescripts needs information from providers of

electronic prescription services, such as WENO, to demonstrate that they were able to compete in

the routing and eligibility markets. Finally, it claims that WENO's confidentiality concerns are

addressed by the Protective Order.

As noted, WENO produced a significant amount of information to the FTC in 2016, all of which Surescripts has received from the FTC.  Reviewing the parties' submissions, and noting that WENO is not a party to the litigation, the Court concludes that this discovery is adequate for the time frame prior and up to the date WENO produced the material to the FTC.  The Court therefore **GRANTS** WENO's Motion to Quash (Dkt. No. 1) as to this material. As to the remainder of the subpoenaed documents—those created *after* the 2016 disclosure to the FTC—the Court finds that the parties have not conferred as required by Western District Local Rule CV-7(i). WENO has now specified its objections to the subpoena, as Surescripts initially suggested, and the parties should be able to reach agreements on these issues.

Accordingly, the Court **ORDERS** the parties to **CONFER** on the matters not resolved by this order, either telephonically or over a video conferencing application, no later than October 2, 2020.  The Court **WARNS** the parties that it expects both sides to meaningfully confer in good faith to resolve their issues, as the subpoena requests information that is at least in part discoverable. The disputed issues should be resolvable by the parties, who are in a better position to analyze relevance, burden and overbreadth at this juncture than the Court. The parties are **ORDERED** to file a joint status report no later than October 9, 2020, informing the Court of the status of their disputes, after which the Court will address whether a hearing or other further action is required.

SIGNED this 14th day of September, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE